IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CR-155-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER OF DETENTION PENDING** |
| ) | **TRIAL** |
| CARLTON HANCOCK, ) | |
| ) | |
| Defendant. ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an officer with the Raleigh Police Department on an FBI task force. Defendant presented no evidence. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was indicted on 19 May 2010 for the following offenses: possession of a firearm (*i.e.*, a .22 caliber rifle ("subject firearm")) by a felon on or about 9 December 2009 in violation of 18 U.S.C. §§ 922(g)(1) and 924; and possession of a stolen firearm (*i.e.*, the subject firearm) on or about 9 December 2009 in violation of 18 U.S.C. §§ 922(j) and 924. The evidence presented at the hearing showed that the charges arise from a consensual search of the defendant's residence by police on the alleged offense date. Consent for the search was provided by defendant's girlfriend,

who also resided there. The police went to the residence to serve a warrant on defendant issued in connection with a bank robbery in which he was a suspect (but apparently is no longer). Police located in a canvas bag in the hall closet the subject firearm together with a wallet containing defendant's driver's license. The subject firearm had been stolen from a residence on the same street where defendant's grandmother lived. The police also located a marijuana plant in a bedroom closet. There were two young children in the home. At the time of the search, defendant had been convicted of multiple felonies.

Defendant was not at the residence at the time of the search, but at his grandmother's. He called police a short time later and arranged for them to arrest him at his grandmother's. In post-arrest statements to the police, defendant said that he found the subject firearm in a dumpster. He also admitted to ownership of the marijuana plant.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offenses charged; the circumstances of the offenses charged, including the presence of young children in the residence who apparently had access to the subject firearm; defendant's criminal record, including three felony convictions for assault, three other felony convictions, four misdemeanor convictions, commission of two offenses while on probation, and service of three terms of incarceration without a cessation of criminal conduct; the danger of gun- and drug-related offense conduct by defendant if he were released; defendant's apparent substance abuse problem; the absence of a proposed third-party custodian; and, as indicated, the other findings and reasons stated in open court.

The court considered the evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. For example, while defendant's most recent felony conviction is over ten years old, he has continued to accrue misdemeanor convictions up to two years ago and his assault convictions show a capacity for violent conduct. Additionally, the fact that defendant would apparently have a job available to him if released does not offset the other evidence favoring detention, particularly in light of defendant's checkered work history.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 16th day of June, 2010.

James E. Gates
United States Magistrate Judge

3