IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CR-155-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CARLTON HANCOCK, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to suppress (DE #25). The government timely responded. Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") (DE #31) wherein he recommends that the court deny defendant's motion to suppress. No objections to the M&R have been filed, and the time within which to make any objection has expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the findings and recommendations of the magistrate judge.

On May 19, 2010, the grand jury returned a two-count indictment against defendant, charging him with (1) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g); and (2) possession of a stolen firearm in violation of 18 U.S.C. § 922(j). The charges arose out of a robbery investigation by the Raleigh Police Department which led to the issuance of an arrest warrant for defendant. On December 9, 2009, officers went to the apartment of defendant's girlfriend, Marcia Ware ("Ware"), where defendant "frequently stayed." (Def.'s Mot., p. 2 n.1). Ware informed the officers that defendant was not there. The officers explained that they had an

arrest warrant and requested permission to search the residence. Ware initially refused, but later agreed to allow the officers to search the apartment, signing a "consent to search" form memorializing her consent. During the search of Ware's apartment, officers discovered a marijuana plant as well as a duffle bag containing a rifle and a wallet with identification cards belonging to defendant. Ware informed the officers that the plant belonged to defendant, and denied knowledge of the duffle bag or its contents. Defendant was arrested at another location later that day. After being taken into custody, defendant made statements regarding the rifle seized from Ware's apartment.

Defendant now seeks to suppress all physical evidence seized by law enforcement at Ware's apartment, as well as all statements made by him subsequent to his arrest. Defendant asserts that the search of Ware's apartment was conducted in violation of the Fourth Amendment. Specifically, defendant argues that the officers lacked probable cause to believe defendant was inside the apartment. Therefore, argues defendant, the entry into Ware's apartment without a search warrant was unreasonable.

The magistrate judge concluded that, assuming *arguendo* that defendant has standing to challenge the search, defendant's motion to suppress should be denied. Specifically, the magistrate judge concluded first that probable cause to believe defendant was in Ware's apartment likely existed, based on defendant's own representation that he frequently stayed there. The magistrate judge further reasoned that the search was valid, regardless, because the officers obtained valid consent to search the residence. Ware issued written consent to search, which supports a finding that consent was voluntary, see U.S. v. Boone, 245 F.3d 352, 362 (4th Cir. 2001), and defendant does not challenge the validity of Ware's consent. Because a search conducted pursuant to valid consent is a well-recognized exception to the warrant requirement, see Schneckloth v. Bustamonte, 412 U.S.

218, 219 (1973), the magistrate judge concluded that the search of Ware's apartment was lawful and therefore recommended denying defendant's motion to suppress.

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

Upon careful review of defendant's motion to suppress, the government's response in opposition, the relevant case law, and the magistrate judge's M&R, the court finds no clear error and agrees with the recommendations of the magistrate judge. Accordingly, the court ADOPTS the findings and recommendations of the magistrate judge (DE #31) and DENIES defendant's motion to suppress (DE #25).

SO ORDERED, this the 25 day of January, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge